UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-5936-CBM-(JCx) | Date | January 4, 2021 |
| Title | Miller v. Hollywood Unlocked Inc. | | |

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**    **IN CHAMBERS- ORDER RE: DEFENDANT'S MOTION TO DISMISS COMPLAINT [17]**

The matter before the Court is Defendant's Motion to Dismiss Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (the "Motion"), currently set for hearing on January 12, 2021. (Dkt. No. 17.) The Court finds the matter is appropriate for decision without oral argument. Therefore, the hearing on the Motion is **VACATED** and **no appearances are necessary on January 12, 2021.**

As to Defendant's Motion to Dismiss pursuant to Rule 12(b)(5) for insufficient service of process, Plaintiff fails to meet his "burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The evidence before the Court demonstrates the summons and complaint were served on Moss Vartanian, who is not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Defendant. Fed. R. Civ. P. 4(h)(1)(B).[1] However, the Court exercises its discretion to quash service and orders Plaintiff to re-serve Defendant in accordance with applicable rules. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("the district court has discretion to dismiss an action or to quash service"). Accordingly, the Court **DENIES** Defendant's Motion to Dismiss pursuant to Rule 12(b)(5).

Plaintiff shall file a proof of service[2] **no later than January 29, 2021,** or may file a motion to permit alternative service **no later than January 29, 2021** to the extent Defendant's designated agent for service of

---

[1] Although Plaintiff argues "Defendant obviously has actual notice of this lawsuit," service of process is a prerequisite for personal jurisdiction over a defendant, and actual notice is insufficient to confer personal jurisdiction over a defendant if service does not substantially comply with Rule 4. *See Safouane v. Hassett*, 514 F. App'x 691, 692 (9th Cir. 2013); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Moreover, service by mail is not proper under Fed. R. Civ. Proc. 4(h). *See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000); *DH Holdings, LLC v. Meridian Link, Inc.*, 2010 WL 11597616, at *2 (C.D. Cal. Apr. 9, 2010).
[2] *See* Fed. R. Civ. P. 4(l)).

process "cannot with reasonable diligence be found at the address designated for personally delivering the process."  *See* Cal. Corp. Code § 1702.

The Court **DENIES** Defendant's Motion to Dismiss pursuant to 12(b)(6) based on the action filed by Plaintiff in the Eastern District of New York, *Miller v. Hollywood Unlocked, Inc.*, 1:20-CV-01523-KAM-CLP (E.D.N.Y.) (the "E.D.N.Y. Action").[3]  The E.D.N.Y. action involved a different copyrighted work and there was no final judgment on the merits.  Accordingly, the instant action filed by Plaintiff in this District is not barred under the doctrine of res judicata.  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) ("Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.").

**IT IS SO ORDERED.**

---

[3] The Court grant's Plaintiff's request to take judicial notice of the pleadings and filings in the E.D.N.Y. Action.